**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROXUL USA., INC., | | |
| Plaintiff, | | |
| v. | | C.A. NO. 17-CV-01258-MAK |
| ARMSTRONG WORLD INDUSTRIES, INC., | | |
| Defendant. | | |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant Armstrong World Industries, Inc. ("Armstrong") hereby submits the following Pretrial Memorandum pursuant to this Court's Policies and Procedures, and the Court's February 9, 2018, February 26, 2018,  February 15, 2019 and March 4, 2019 Orders ("Scheduling Orders").

## I.   NATURE OF THE ACTION AND BASIS FOR JURISDICTION

Plaintiff Roxul USA, Inc. d/b/a Rockfon ("Rockfon") filed a Complaint (D.I. 1) against Armstrong, alleging that Armstrong's exclusive distribution agreements violate Sherman Act Sections 1 and 2 and Clayton Act Section 3, and that Armstrong had tortiously interfered with Rockfon's distributor relationships under Delaware common law.  There are no counter or cross claims in this action.  On February 9, 2018, the Court dismissed Rockfon's tortious interference claim and its antitrust claims related to Canadian sales.  D.I. 14.  Armstrong filed its Answer on February 23, 2018.  D.I. 23.  Fact discovery closed on November 9, 2018.  D.I. 16.  Expert discovery closed on January 11, 2019.  D.I. 25.  On January 21, 2019, Armstrong moved for summary judgment on all of Rockfon's remaining claims, and to exclude the testimony of Rockfon's expert, Prof. Einer Elhauge.  D.I. 205, 208, 212.  Rockfon moved for partial summary judgment on liability as to its claim under Section 3 of the Clayton Act.  D.I. 204, 206.  On March 8, 2019, the Court denied the parties' motions for summary judgment, as well as Armstrong's motion to exclude the testimony of Prof. Elhauge.  D.I. 272, 273.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) based on Plaintiff's claims for damages and injunctive relief bought under Sections 3, 4, and 16 of the Clayton Act, 15 U.S.C. §§ 14, 15, 26.

## II.   STATEMENT OF FACTS

Armstrong is a pioneering producer of ceiling tiles, with a trusted brand name dating back more than a century and with decades of expertise in selling ceiling tiles in the U.S.  Armstrong is

recognized as the "market leader for innovation." Other major manufacturers of ceiling tile in the United States include United States Gypsum ("USG"), CertainTeed, and Rockfon.

When Armstrong first began selling ceiling tiles, it sold directly to contractors. By the 1980s, Armstrong began to envisage a new model, whereby it would cultivate a loyal group of distributors, who would be charged with the custody of the Armstrong brand and act as an extension of the Armstrong sales force. For its part, Armstrong committed to invest in the distributors, providing them with promotional funds, equipping them with the tools, knowledge, and training to provide top quality service to end users, and assisting them in developing and growing their businesses. In return, Armstrong asked for distributors' best efforts to sell Armstrong and (in most cases) only Armstrong ceiling tiles. Beginning in the 1990s, Armstrong codified these obligations in written distribution agreements.

In 2013, Rockwool A/S, a Danish corporation and global manufacturer of stone wool products (including insulation), decided to bring its ceiling tiles to the United States via Rockfon, its U.S. subsidiary. Thus, Rockfon began looking to establish a distribution network in the United States, as it entered the United States with zero distributors, customers, specifications, or brand recognition. Armstrong greeted the prospect of new competition seriously, as any sophisticated, experienced company would. Specifically, Armstrong developed a strategy to compete against Rockfon that included: (1) contractor outreach initiatives in order to increase Armstrong's mindshare among the end-users of ceiling tile, (2) an innovative product strategy, including a $100 million investment focusing on Armstrong's "Total Acoustics" offerings and formaldehyde-free product development, and (3) the so-called "Rockfon clauses," which aimed to address Armstrong's interests and investments in its largest distributor customers and potential conflicts of interest as they began to grow rapidly by purchasing previously independent distributors.

Armstrong has long viewed its distribution network as a competitive advantage. Of course, this advantage stems directly from Armstrong's investment of sweat equity and significant financial resources in training its distributors, shaping them into successful businesses, and driving innovation that improves their efficiency. In addition, Armstrong cultivates close and very open relationships with its distributors, whereby it shares large amounts of information with them, including competitively sensitive innovation plans. Armstrong therefore was concerned that its distributors and the information it shares with them could be subject to free-riding from a new competitor.

Armstrong already had exclusive distribution agreements in place with almost all of its distributors that had helped to guard against such risks when distributors were purely local or had few branches. But in light of a wave of consolidation among building products distributors—which saw some of Armstrong's largest distributors purchase numerous previously-independent distribution outfits—Armstrong also saw a need to address distributors on a corporate-wide level. Moreover, Rockfon, a competitor (unlike USG and CertainTeed) with no domestic plant, no architectural selling, and no demand creation capability on the ground, was poised to pursue an entry strategy that relied heavily on free-riding and presented potential conflicts of interest. Accordingly, between late 2013 and 2016, Armstrong negotiated "Rockfon clauses" that were added to Armstrong's standard exclusive distribution agreement in the circumstance where an exclusive Armstrong distributor was expanding (or was expected to expand) its footprint by acquiring additional locations.[1] Armstrong ultimately signed these clauses with seven of its distributors.

---

[1] In such circumstances, under the existing agreements, the acquiring distributor needed Armstrong's consent to take on the Armstrong line in the acquired location, and Armstrong

Rockfon argues that Armstrong's pre-existing exclusive distribution agreements, along with the "Rockfon clauses," have substantially foreclosed it from competing in the U.S. ceiling tile market.  Since entering the United States, however, Rockfon has grown rapidly.  It went from selling zero square feet of tile in 2012 to selling over 30 million square feet in 2017.  It went from zero revenue in 2012 to $30 million today.  It went from having zero tile distributors to having distributors in every major market.  It has grown at an annual compound rate of over 60%.

A large percentage of sales of ceiling tile—50 to 80%—are for repair and replace jobs, which generally call for the same brand and type of ceiling tile that was used in the original project so that it matches the old tile.  Rockfon cannot compete for these sales because their tile was not originally used.  In fact, the most common type of ceiling tile is fissured, and Rockfon lacks such a product.  Thus, Rockfon competes primarily for new construction or large renovation projects.  As Rockfon's own president testified in another case, every one of the thousands of architectural projects around the country that could use Rockfon ceiling tile is "up for grabs."  This is because the distributors with which Armstrong has exclusive agreements are not the ultimate end users, or even decision makers, regarding what tile gets used for a given project.  The ultimate decision makers are the building owners and their architects and contractors.  Architects hired by building owners are free to specify any brand of tile they want.  And it is undisputed that contractors—in particular, contractors who buy through distributors—are not bound by any exclusive agreements with Armstrong.

## III.    DAMAGES

Armstrong does not seek damages.

---

gave that consent in exchange for assurance that the distributor would not sponsor the Rockfon brand at non-Armstrong locations during the term of the agreement.

## IV.   WITNESSES AND DEPOSITION DESIGNATIONS

A. Witnesses to Appear in Person

This preliminary list identifies the live witnesses that Armstrong expects to call at trial or that it may call at trial if the need arises.  Armstrong reserves the right to supplement its witness list prior to trial, as trial preparations continue.  Armstrong reserves the right to call the custodians of any and all records listed in the exhibits identified in Defendant's or Plaintiff's Pretrial Memorandum, as well as any witnesses identified in Rockfon's Pretrial Memorandum.  Armstrong reserves its right to add witnesses in response to any witnesses identified in Rockfon's Pretrial Memorandum.  Armstrong reserves its right to call rebuttal witnesses not listed below.  Armstrong further reserves the right to supplement this preliminary witness list after review of Rockfon's Pretrial Memorandum and after presentation of Rockfon's case-in-chief at trial.  Armstrong further reserves the right to include any additional witnesses discovered between now and trial and to add witnesses whose relevance is not yet apparent.

Armstrong identifies the following witnesses who may be called at trial.

1. David Cookson (liability)
Senior Vice President, Americas
Armstrong World Industries, Inc.
c/o Counsel at Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Mr. Cookson is expected to testify regarding competition in the ceiling tile market, Armstrong's distribution practices and relationships, Armstrong's full range of ceiling products, product quality and pricing, distributor consolidation, Armstrong's relationships with contractors, experience with Rockfon or Rockwool A/S in Europe, Rockfon's entry into the United States and Armstrong's response thereto, ceiling tile demand generation, architectural specification of ceiling tile products, and repair and replace demand.

    2.  Paul Corr (liability)
        Regional Vice President, Commercial Sales, East
        Armstrong World Industries, Inc.
        c/o Counsel at Gibson, Dunn & Crutcher LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197

Mr. Corr is expected to testify regarding competition in the ceiling tile market, Armstrong's distribution practices and relationships, Armstrong's relationships with contractors, architectural specification of ceiling tile products, distributor consolidation, and Rockfon's entry into the United States and Armstrong's response thereto.

    3.  Jill Crager (liability)
        Director, Customer and Sales Operations
        Armstrong World Industries, Inc.
        c/o Counsel at Gibson, Dunn & Crutcher LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197

Ms. Crager is expected to testify regarding Armstrong's national account relationships, Armstrong's customer service, sales support, and distributor interaction.

    4.  Chris Doyle (liability)
        Vice President, Southeastern Division, Gypsum Management & Supply, Inc.
        c/o Counsel at Eversheds Sutherland]
        999 Peachtree St NE, Suite 2300
        Atlanta, GA 30309

Mr. Doyle is expected to testify regarding distributors' relationships with ceiling tile manufacturers and contractors, the role of distribution in the sale of building project materials, distributor consolidation, competition in the marketplace, and the specification and sales process for ceiling tile.

    5.  Victor Grizzle (liability)
        President, Chief Executive Officer
        Armstrong World Industries, Inc.
        c/o Counsel at Gibson, Dunn & Crutcher LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197

Mr. Grizzle is expected to testify regarding Armstrong's corporate history, innovations and investments, competition in the ceiling tile market, Armstrong's full range of ceiling products, product quality and pricing, Armstrong's distribution practices and relationships, distributor consolidation, Rockfon's entry into the United States and Armstrong's response thereto.

      6.   Thomas McKinney (liability)
          Director, Pricing and Sales Planning
          Armstrong World Industries, Inc.
          c/o Counsel at Gibson, Dunn & Crutcher LLP
          333 South Grand Avenue
          Los Angeles, CA 90071-3197

Mr. McKinney is expected to testify regarding competition in the ceiling tile market, pricing, and Armstrong's distribution network.

      7.   Mark Olson (liability)
          Regional Vice President Commercial Sales, West
          Armstrong World Industries, Inc.
          c/o Counsel at Gibson, Dunn & Crutcher LLP
          333 South Grand Avenue
          Los Angeles, CA 90071-3197

Mr. Olson is expected to testify regarding competition in the ceiling tile market, Armstrong's distribution practices and relationships, Armstrong's relationships with contractors, architectural specification of ceiling tile products, distributor consolidation, and Rockfon's entry into the United States, and Armstrong's response thereto.

      8.   Janusz Ordover, PhD. (liability and damages)
          Compass Lexecon
          c/o Counsel at Gibson, Dunn & Crutcher LLP
          333 South Grand Avenue
          Los Angeles, CA 90071-3197

Dr. Ordover will testify, as an expert witness, regarding the subjects disclosed in his expert reports.

    10. Tony Reinders (liability)
        Vice President, AMS/Allied Building Products
        c/o Counsel at Williams & Connolly LLP
        725 Twelfth Street, NW
        Washington, DC 20005

Mr. Reinders is expected to testify regarding distributors' relationships with ceiling tile manufacturers and with contractors, the role of distribution, distributor consolidation, competition in the ceiling tile market, and the architectural specification of ceiling tile process.

    11. Susan Rhodes (liability)
        Vice President, Retail Sales & Marketing
        Armstrong World Industries, Inc.
        c/o Counsel at Gibson, Dunn & Crutcher LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197

Ms. Rhodes is expected to testify regarding sales through the retail channel, and the repair and replace segment.

    12. Nicholas Taraborelli (liability)
        Vice President, Commercial Marketing
        Armstrong World Industries, Inc.
        c/o Counsel at Gibson, Dunn & Crutcher LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-3197

Mr. Taraborelli is expected to testify regarding Armstrong's product offerings, pricing, marketing and promotion, customer training and education, and competition in the ceiling tile market.

**B.  Witnesses via Video Deposition**

Attached as Exhibit A are citations, including page and line number, of deposition testimony Armstrong intends to offer in its case-in-chief; attached as Exhibit B are highlighted deposition transcripts indicating the same excerpts as reflected in Exhibit A.  Pursuant to the

Court's scheduling order, the parties will exchange objections to such deposition testimony designations by March 11, 2019, and responses and counter-designations by March 20, 2019.

This preliminary list, as well as the attached Exhibit A, identifies the deposition testimony that Armstrong expects to use at trial or that it may use at trial if the need arises. Armstrong reserves the right to supplement its deposition designation list prior to trial, as trial preparations continue. Armstrong reserves the right to use deposition testimony of the custodians of any and all records listed in the exhibits identified in Defendant's or Plaintiff's Pretrial Memorandum, as well as deposition testimony identified in Rockfon's Pretrial Memorandum. Armstrong reserves its right to add deposition testimony in response to any witnesses or testimony identified in Rockfon's Pretrial Memorandum. Armstrong further reserves the right to supplement this preliminary deposition testimony list after review of Rockfon's Pretrial Memorandum and after presentation of Rockfon's case-in-chief at trial. Armstrong reserves the right to introduce additional deposition testimony for impeachment or rebuttal purposes. Armstrong also reserves the right to introduce portions of deposition testimony as party admissions while maintaining its objections to other parts of the testimony.

1. Doug Bernard (liability)
   Regional Sales Manager, Southeast and Central USA and the Caribbean
   Rockfon North America
   c/o Counsel at K&L Gates, LLP
   State Street Financial Center
   1 Lincoln Street
   Boston, MA 02111

Mr. Bernard will testify regarding Rockfon's strategies success, Rockfon's distributors and distributor locations, Rockfon's distribution practices, the architectural specification of ceiling tile process and Rockfon's efforts to build its specification position, Rockfon's brand recognition, Rockfon's decision not to pursue retail customers, and pricing.

      2.  Jens Birgersson (liability)
          President and Chief Executive Officer
          Rockwool International A/S
          c/o Counsel at K&L Gates, LLP
          State Street Financial Center
          1 Lincoln Street
          Boston, MA 02111

Mr. Birgersson will testify regarding Rockwool's size and structure, Rockwool's relationship with Rockfon, Rockfon's strategies success, Rockwool's statements to investors regarding Rockfon, Rockfon's lawsuit against Armstrong, Rockfon's decision to build a ceiling tile manufacturing plant in the United States, and Rockwool's and Rockfon's pricing strategies.

      3.  Paul Clark (liability)
          Ceiling Specialist
          L&W Supply
          c/o Paul S. White, esq.
          79 E. Daily Drive, Suite 123
          Camarillo, CA 93010

Mr. Clark will testify regarding manufacturers' relationships with distributors and contractors, the role of distribution, distributor consolidation, competition in the ceiling tile market, and the architectural specification of ceiling tile process.

      4.  James Downing (liability)
          Badgerland Supply (Retired)
          c/o Counsel at Eversheds Sutherland LLP
          999 Peachtree Street, NE, Suite 2300
          Atlanta, GA 30309

Mr. Downing will testify regarding manufacturers' relationships with distributors and contractors, the role of distribution, distributor consolidation, competition in the ceiling tile market, and the architectural specification of ceiling tile process.

      5.  Diana Hart (liability)
          Manager, Architectural and Inside Sales
          Rockfon North America
          c/o Counsel at K&L Gates, LLP
          State Street Financial Center

> 1 Lincoln Street
> Boston, MA 02111

Ms. Hart will testify regarding Rockfon's U.S. entry, the architectural specification of ceiling tile process and Rockfon's efforts to increase its specification position, and Rockfon's brand recognition.

> 6. George Hughes (liability)
> President
> Hughes Industries
> c/o Counsel at Holladay & Chilton
> 204 North Robinson, Suite 1550
> Oklahoma City, OK 73102

Mr. Hughes will testify regarding manufacturers' relationships with distributors and contractors, the role of distribution, distributor consolidation, competition in the ceiling tile market, and the architectural specification of ceiling tile process.

> 7. Prabodh Kadkol (liability)
> Vice President, Operations
> Rockfon North America
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center
> 1 Lincoln Street
> Boston, MA 02111

Mr. Kadkol will testify regarding Rockfon's decision to build a ceiling tile manufacturing plant in the United States, Rockfon's capacity, and Rockfon's sales goals and projections.

> 8. Thomas Kahler (liability)
> Senior Vice President, and Head of Systems Division
> Rockwool International A/S
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center
> 1 Lincoln Street
> Boston, MA 02111

Mr. Kahler will testify regarding Rockwool's size and structure, Rockwool's relationship with Rockfon, Rockfon's strategies success, Rockwool's statements to investors regarding

Rockfon, Rockfon's lawsuit against Armstrong, Rockfon's decision to build a ceiling tile manufacturing plant in the United States, distributor consolidation, and Rockwool's and Rockfon's pricing strategies.

      9.  Chris Marshall (liability)
         Vice President, Marketing and Business Development
         Rockfon North America
         c/o Counsel at K&L Gates, LLP
         State Street Financial Center
         1 Lincoln Street
         Boston, MA 02111

Mr. Marshall will testify regarding Rockfon's U.S. entry, the architectural specification of ceiling tile process and Rockfon's efforts to build its specification position, Rockfon's distribution strategies, pricing, and the presence of formaldehyde in Rockfon's ceiling tile products.

      10.  David McCatty (liability)
         Director of Operations
         Gypsum Supply Co.
         c/o Counsel at Eversheds Sutherland LLP
         999 Peachtree Street, NE, Suite 2300
         Atlanta, GA 30309

Mr. McCatty will testify regarding manufacturers' relationships with distributors and contractors, the role of distribution, distributor consolidation, competition in the ceiling tile market, and the architectural specification of ceiling tile process.

      11.  John Medio in his personal capacity and as Rockfon's 30(b)(6) designee (liability)
         President and General Manager
         Rockfon North America
         c/o Counsel at K&L Gates, LLP
         State Street Financial Center
         1 Lincoln Street
         Boston, MA 02111

Mr. Medio will testify regarding Rockfon's strategies success, Rockfon's U.S. entry, the CMC acquisition, Rockfon's distributors and distributor locations, Rockfon's distribution practices, the architectural specification of ceiling tile process and Rockfon's efforts to build its

12

specification position, Rockfon's strategies with respect to the contractor and retail channels, Rockfon's decision to build a ceiling tile manufacturing plant in the United States, Rockfon's capacity, Rockfon's sales goals and projections, distributor consolidation, Rockfon's lawsuit against Armstrong, repair and replace jobs, pricing, and Rockfon's pricing strategies.

> 12. Jim Moynihan (liability)
> Vice President, Sales
> Rockfon North America
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center
> 1 Lincoln Street
> Boston, MA 02111

Mr. Moynihan will testify regarding Rockfon's strategies success, Rockfon's distributors and distributor locations, Rockfon's distribution practices, the architectural specification of ceiling tile process and Rockfon's efforts to build its specification position, Rockfon's decision not to pursue retail sales, Rockfon's decision to build a ceiling tile manufacturing plant in the United States, Rockfon's capacity, Rockfon's sales goals and projections, pricing, Rockfon's pricing strategies, Armstrong's strengths, distributor consolidation, and repair and replace jobs.

> 13. Corey Nevins (liability)
> Regional Manager
> Rockfon North America
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center
> 1 Lincoln Street
> Boston, MA 02111

Mr. Nevins will testify regarding Rockfon's strategies success, Rockfon's distributors and distributor locations, Rockfon's distribution practices, the architectural specification of ceiling tile process and Rockfon's efforts to build its specification position, Rockfon's decision not to pursue retail sales, Rockfon's brand recognition, and repair and replace jobs.

> 14. Steven Noeth (liability)
> Vice President, Sales

Rockfon North America
c/o Counsel at K&L Gates, LLP
State Street Financial Center
1 Lincoln Street
Boston, MA 02111

Mr. Noeth will testify regarding Rockfon's strategies success, Rockfon's distributors and distributor locations, Rockfon's distribution strategies, the architectural specification of ceiling tile process and Rockfon's efforts to build its specification position, Rockfon's decision not to pursue retail sales, Rockfon's brand recognition, and repair and replace jobs.

15. Phillip Trent Ogilvie (liability)
President
Rockwool North America
c/o Counsel at K&L Gates, LLP
State Street Financial Center
1 Lincoln Street
Boston, MA 02111

Mr. Ogilvie will testify regarding Rockwool's relationship with Rockfon, Rockwool's size, market share and growth, Rockwool's distribution strategies, the retail chain, Rockwool's efforts to promote Rockfon tile, and Rockwool's U.S. factories.

16. Tom Prukop (liability)
Regional Manager, Western USA
Rockfon North America
c/o Counsel at K&L Gates, LLP
State Street Financial Center
1 Lincoln Street
Boston, MA 02111

Mr. Prukop will testify regarding Rockfon's strategies success, Rockfon's distributors and distributor locations, Rockfon's distribution practices, the architectural specification of ceiling tile process and Rockfon's efforts to build its specification position, Rockfon's brand recognition, Rockfon's decision not to pursue retail customers, and pricing.

17. Laura Radius (liability)
Vice President, Finance

14

> Rockfon North America
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center
> 1 Lincoln Street
> Boston, MA 02111

Ms. Radius will testify regarding Rockfon's success, Rockfon's financial statements and reports, Rockfon's sales goals and projections, pricing, and Rockfon's distribution strategies.

> 18. Mike Reynolds (liability)
> Regional Manager
> Rockfon North America
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center
> 1 Lincoln Street
> Boston, MA 02111

Mr. Reynolds will testify regarding Rockfon's strategies success, Rockfon's U.S. entry, Rockfon's distributors and distributor locations, Rockfon's distribution strategies, IDI, the advantage of exclusive distribution, Armstrong's strengths, the architectural specification of ceiling tile process, and Rockfon's efforts to build its specification position,

> 19. Brad Soper  (liability)
> Partner and Board Member
> Simon Kucher & Partners
> c/o Counsel for Goulston & Storrs
> 400 Atlantic Avenue
> Boston, MA 02110

Mr. Soper will testify regarding the Simon + Kucher reports, Rockfon's distributors and distributor locations, Rockfon's strategies success, Rockfon's ability to compete for ceiling tile sales in the United States, the contractor channel, the architectural specification of ceiling tile process, and Rockfon's specification position.

> 20. Kirby Williams (liability)
> Product Manager, Tile
> Rockfon North America
> c/o Counsel at K&L Gates, LLP
> State Street Financial Center

15

1 Lincoln Street
Boston, MA 02111

Mr. Williams will testify regarding Rockfon's U.S. entry, Rockfon's ceiling tile processes, CAC, pricing, and Rockfon's pricing strategies.

## V.   EXHIBITS

A schedule of Armstrong's exhibits is attached as Exhibit C.

This preliminary list identifies the documents Armstrong expects to offer or that it may offer at trial if the need arises.  Armstrong reserves its right to amend or supplement its exhibit list, prior to the start of trial, as trial preparations continue.  Armstrong reserves its right to add documents in response to Plaintiff's exhibit list or to use at trial any exhibits identified in Plaintiff's Pretrial Memorandum or exhibit list.  Armstrong reserves its right to use at trial documents not listed on its exhibit list for purposes of impeachment, cross-examination, or rebuttal.  Armstrong further reserves the right to supplement this preliminary exhibit list after review of Rockfon's Pretrial Memorandum and after presentation of Rockfon's case-in-chief at trial.  Armstrong further reserves the right to include any additional evidence discovered between now and trial and to add exhibits whose relevance is not yet apparent.  Armstrong also reserves the right to introduce portions of documents as party admissions while maintaining its objections to other parts of the document as inadmissible hearsay.  The inclusion of any document on Armstrong's exhibit list is not a concession that it is admissible against Armstrong.  Armstrong reserves the right to revise all Rule 1006 Summary Exhibits.

Section VI.A(5) of the Court's Policies & Procedures (Jan. 2019) requests that the parties deliver two copies of each contested exhibit to chambers at the time of filing their respective Pretrial Memoranda.  However, pursuant to the Court's March 4, 2019 Order (D.I. 271), there is only one day between the deadline for the parties to exchange exhibit lists and the deadline for

filing Pretrial Memoranda.  In order to maximize efficiency and minimize cost for both the parties and the Court, the parties have agreed to exchange objections to the proposed exhibits on March 13, 2019, and will thereafter meet and confer in an effort to resolve as many of the contested exhibits as possible.  The parties will then provide the Court two copies of the remaining contested exhibits on March 18, 2019.

## VI.  LENGTH OF TRIAL

Armstrong understands that the trial is scheduled for six days, pursuant to the Court's Scheduling Orders.

## VII.  LEGAL ISSUES

On March 11, 2019, pursuant to this Court's Scheduling Orders, Armstrong will file motions *in limine* and related briefing.

Armstrong maintains its defenses, including Rockfon's failure to join all parties necessary or indispensable for a just adjudication of its purported claims; the doctrine of mitigation of damages; and the doctrine of unclean hands.  Armstrong also reserves its right to raise the defense of the applicable statute of limitations; this Court struck this defense "[p]artially relying upon Plaintiff's representation of not pursuing a claim for conduct before September 1, 2013."  (D.I. 25).  Armstrong reserves the right to move for directed verdict or judgment as a matter of law under Federal Rule of Civil Procedure 50, where a reasonable jury would not have a legally sufficient evidentiary basis to find for Rockfon.

## VIII.  STIPULATIONS

The parties have agreed to stipulate to the authenticity of any document the respective party has produced.  The parties are working diligently to identify any additional items to which they can stipulate to prior to trial.

DATE:  March 8, 2019

Respectfully submitted,


*/s/ Kevin J. Mangan*
Kevin J. Mangan (DE Bar No. 3810)
WOMBLE BOND DICKINSON (US) LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801
302.252-4320
kevin.mangan@wbd-us.com

Daniel G. Swanson (*pro hac vice*)
Shannon E. Mader (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
dswanson@gibsondunn.com
smader@gibsondunn.com

Cynthia E. Richman (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
Telephone:    202.955.8500
crichman@gibsondunn.com

Caeli A. Higney (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone:    415.393.8200
chigney@gibsondunn.com

*Attorneys for Defendant Armstrong World Industries, Inc.*