IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROXUL USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-cv-1258-MAK |
| v. | ) |
| | ) |
| ARMSTRONG WORLD INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ROXUL USA, INC.'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

Plaintiff Roxul USA, Inc. d/b/a Rockfon ("Rockfon") hereby serves its Objections to the Witness List of Defendant Armstrong World Industries, Inc. ("Armstrong") as set forth in Armstrong's Pretrial Memorandum (D.I. 277).

**OBJECTIONS**

1. Rockfon objects to Armstrong presenting any witness by deposition, including by videotaped deposition, to the extent that the witness is available for live testimony.

2. Rockfon objects to the designation of Chris Doyle, Vice President, Southeastern Division, Gypsum Management & Supply, Inc. ("GMS"). Armstrong states that "Mr. Doyle is expected to testify regarding distributors' relationships with ceiling tile manufacturers and contractors, the role of distribution in the sale of building project materials, distributor consolidation, competition in the marketplace, and the specification and sales process for ceiling tile." (D.I. 277). Rockfon objects to the designation of Mr. Doyle insofar as he will testify as an "industry expert" or provide lay witness opinion testimony as to the dynamics of the Ceiling Tile market and industry under Rule 701 of the Federal Rules of Evidence (Fed. R. Evid. 701). As a preliminary matter, pursuant to the Court's February 26, 2018 Scheduling Order (D.I. 25),

1

Armstrong was required to disclose by November 30, 2018 all lay witnesses it intended to call to offer opinion testimony at the time of trial under Fed. R. Evid. 701. Armstrong failed to disclose Mr. Doyle. Accordingly, while Mr. Doyle may testify as a fact witness and offer testimony as to his experiences as the Vice President of GMS, he must be precluded from offering opinion testimony as to "distributors' relationships with ceiling tile manufacturers and contractors, competition in the marketplace, and the specification and sales process for ceiling tile" generally in the marketplace. Moreover, even if the Court permits Mr. Doyle to testify as to his opinions under Fed. R. Evid. 701, opinion testimony as to the Ceiling Tile industry as a whole and trends within it falls within the scope of "specialized knowledge" and is impermissible when the witness is not qualified as an expert, which Mr. Doyle is not.[1] Rockfon objects to the designation of Mr. Doyle to the extent he will offer opinion testimony as to the aforementioned topics at the time of trial.

3. Rockfon objects to the designation of Tony Reinders, Vice President, AMS/Allied Building Products ("Allied"). Armstrong states that "Mr. Reinders is expected to testify regarding distributors' relationships with ceiling tile manufacturers and with contractors, the role of distribution, distributor consolidation, competition in the ceiling tile market, and the architectural specification of ceiling tile process." (D.I. 277). Rockfon objects to the designation of Mr. Reinders insofar as he will testify as an "industry expert" or provide lay witness opinion testimony as to the dynamics of the Ceiling Tile market and industry under Fed. R. Evid. 701. As a preliminary matter, pursuant to the Court's February 26, 2018 Scheduling Order (D.I. 25),

---

[1] *See, e.g., S.E.C. v. Art Intellect, Inc.*, C.A. No. 2:11-CV-357, 2013 WL 840048, at *13 (D. Utah Mar. 6, 2013) ("While he may be able to opine about certain subjects based on his experience as a real estate agent, the opinions he actually offers—a description of the real estate industry and trends within it—falls within the definition of specialized knowledge that is excludable when the witness has not been qualified as an expert. Accordingly, his testimony regarding common real estate industry practices is inadmissible.").

Armstrong was required to disclose by November 30, 2018 all lay witnesses it intended to call to offer opinion testimony at the time of trial under Fed. R. Evid. 701. Armstrong failed to disclose Mr. Reinders. Accordingly, while Mr. Reinders may testify as a fact witness and offer testimony as to his experiences as the Vice President of Allied, he must be precluded from offering opinion testimony as to "distributors' relationships with ceiling tile manufacturers and contractors, competition in the marketplace, and the specification and sales process for ceiling tile" generally in the marketplace. Moreover, even if the Court permits Mr. Reinders to testify as to his opinions under Fed. R. Evid. 701, opinion testimony as to the Ceiling Tile industry as a whole and trends within it falls within the scope of "specialized knowledge" and is impermissible when the witness is not qualified as an expert, which Mr. Reinders is not.[2] Rockfon objects to the designation of Mr. Reinders to the extent he will offer opinion testimony as to the aforementioned topics at the time of trial.

*[SIGNATURE PAGE FOLLOWS]*

---

[2] *See, e.g., S.E.C. v. Art Intellect, Inc.*, 2013 WL 840048, at *13.

Dated: March 18, 2019

Respectfully submitted,

FARNAN LLP

/s/ *Michael J. Farnan*
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Christopher S. Finnerty (admitted *pro hac vice*)
Jeffrey S. Patterson (admitted *pro hac vice*)
Michael R. Murphy (admitted *pro hac vice*)
Morgan T. Nickerson (admitted *pro hac vice*)
Emily E. Gianetta (admitted *pro hac vice*)
Jack S. Brodsky (admitted *pro hac vice*)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel:  (617) 261-3100
Fax:  (617) 261-3175
chris.finnerty@klgates.com
jeffrey.patterson@klgates.com
michael.r.murphy@klgates.com
morgan.nickerson@klgates.com
emily.gianetta@klgates.com
jack.brodsky@klgates.com

*Counsel for Plaintiff Roxul USA, Inc.*